**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PEDRO LOPEZ LOPEZ,

Petitioner,

v. No. 2:26-cv-01439-MLG-JMR

DORA CASTRO, Warden of the Otero County Processing Center, et al.,

Respondents.

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

This matter is before the Court on Federal Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus, Doc. 9, indicating that Petitioner Pedro Lopez Lopez was removed from the United States on May 25, 2026. Doc. 9 at 1. *See also* Doc. 10 (representing the same at an October 23, 2026, hearing on the matter). "[D]eportation does not render a[] [noncitizen]'s § 2241 petition moot if the [noncitizen] alleges sufficient collateral consequences." *Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003) (citation omitted); *see also Riley v. Immigr. & Naturalization Serv.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the exceptions to the mootness doctrine"). But Lopez Lopez does not allege any collateral consequences and given that he was deported—not simply released from federal immigration authorities' custody—it does not appear that any of the other mootness exceptions apply. *Riley*, 310 F.3d at 1256.

Accordingly, this matter is moot and must be dismissed for lack of subject matter jurisdiction. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the

case becomes moot." (citation omitted)); *Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, "a federal court must dismiss the action for want of subject-matter jurisdiction"). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that "dismissals for lack of jurisdiction should be without prejudice"). A final judgment will be entered separately.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA